UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-377 (BAH) |
| | : | |
| ANTHONY ROBERT WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding the defendant from the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; and (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct. The government conferred with counsel for the defendant; the defendant opposes this motion.

1. **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel**

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent *actively* misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in

light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia,* violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A).  Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, this Court's reasoning in *Chrestman* would apply equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building.  As this Court reasoned in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).  Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id.* at 32.

Even if the defendant could establish that a member of law enforcement told him that it was lawful to enter the Capitol building or allowed him to do so, the defendant's reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Id*.

Moreover, the defendant's actions belie any argument that he actually relied on any such statement by law enforcement when he made his decision to unlawfully enter the Capitol building

2

and grounds. The defendant advanced on the Capitol building via the northwest stairs, and once he reached the top but before entering, the defendant stated that he "just stormed the stairs of the Capitol," "pushed the cops back," and "took this fucking building." He then entered the building through the breached Senate Wing Door just five minutes after other rioters forcibly broke the doors open, within eyesight of shattered windows and an overturned cabinet.

Accordingly, defendant should be prohibited from arguing that his conduct was lawful because law enforcement allegedly told him it was.

2. **This Court Should Preclude the Defendant from Arguing That Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered his conduct legal. The same reasoning this Court applied in *Chrestman* applies here.

That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Id.* at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.

Accordingly, defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

3. **This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct**

The government concedes that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021. However, unless the defendant shows that he specifically observed or was otherwise aware of some alleged inaction by law enforcement, such

evidence is irrelevant to the defendant's intent.  Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, if the defendant was not aware of law enforcement's alleged inaction at the time of his entry onto restricted grounds or into the Capitol building, any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.  Consequently, unless the defendant shows he specifically observed or was aware of alleged inaction by the police, this Court should exclude such testimony and evidence as irrelevant.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

Dated: April 18, 2022

        Respectfully Submitted,
        For the United States:
        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:   /s/ *Grace Albinson*
        GRACE ALBINSON
        NY Bar No. 4952697
        Trial Attorney, U.S. Department of Justice
        Capitol Riot Detailee
        150 M Street, N.E.
        Washington, D.C. 20002
        (202) 598-3276
        Grace.E.Albinson@usdoj.gov

ANTHONY FRANKS
MO Bar No. 50217MO
Assistant United States Attorney
Capitol Riot Detailee
United States Attorney's Office
for the District of Columbia
(314) 539-3995
anthony.franks@usdoj.gov

**CERTIFICATE OF SERVICE**

On April 18, 2022, a copy of the foregoing was served on counsel of record for the defendants via the Court's Electronic Filing System.

/s/ *Grace Albinson*
GRACE ALBINSON
Trial Attorney
Capitol Riot Detailee