UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

          Plaintiff,          Crim. Action No. 21-377 (BAH)

v.

ANTHONY WILLIAMS,

          Defendant.
_____/

## MOTION IN LIMINE OPPOSING ADMISSION OF OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B)

Anthony Williams, through counsel, moves to exclude other crimes evidence pursuant to Federal Rule of Evidence 404(b). In March 2022, the government asserted its intent to introduce video footage that purports to show Mr. Williams smoking marijuana in the Capitol Rotunda and stating, "Trump 2020." (Ex. 1, Discovery Ltr.) The government has failed to demonstrate that (1) the evidence is probative of a material issue other than character, and (2) that any potential probative value is not outweighed by its unfair prejudice to the defendant. Fed. R. Evid. 404(b) and 403.

### Background

On March 26, 2021, Mr. Williams was arrested on a complaint charging him with obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2); entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds in violation of § 1752(a)(2); disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G). *See*

ECF Dkt. No. 1. On May 26, 2021, the government filed an Indictment alleging the same offenses. *See* ECF Dkt. No. 13. This matter is scheduled for a jury trial on June 27, 2022.

The government alleges that, before January 6, 2021, Mr. Williams stated on Facebook his intent to travel to Washington, D.C., to "storm the swamp." *See* ECF No. 1-1, Statement of Facts, at 7. On January 6, 2021, he then allegedly joined the crowd that entered the Capitol after stating that the crowd had "took this fucking building." *Id.* at 6. He also allegedly stated, while in the Capitol, that "desperate times call for desperate measures," and he posed next to statutes in the Capitol. *Id.* at 5.

In March 2022, the government produced video footage—from a Go-Pro device of James Rahm, who also is charged in relation to the events of January 6, 2021—that purports to show Mr. Williams taking a marijuana cigarette offered by Mr. Rahm in the Capitol Rotunda and taking a single puff from the cigarette before handing it back, flashing a peace sign, and stating "Trump 2020." On March 30, 2022, the government sent a letter stating the following:

> We assert, that your client's presence in the Rotunda smoking marijuana is intrinsic evidence of violations of 18 U.S.C. Sections 1752(a)(1) and (a)(2). We are also hereby provide notice of our intent not only to introduce it as intrinsic evidence, but alternatively as 404(b)(2) evidence exhibiting the defendant's motive, intent, plan, knowledge, identity, absence of mistake, or lack of accident in violating 18 U.S.C. Sections 1752(a)(1) and (a)(2). In addition, we assert that your client's presence in the Rotunda, smoking marijuana and stating "Trump 2020" is intrinsic evidence of violation of 18 U.S.C. § 1521(c)(2). We also hereby provide notice of our intent not only to introduce it as intrinsic evidence, but alternatively as 404(b)(2) evidence exhibiting the defendant's intent, motive, plan, and knowledge of obstructing Congress's joint session to certify the Electoral College vote on January 6, 2021.

(Ex. 1, Discovery Letter.)

## Legal Standard

Federal Rules of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion

2

the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule against introducing character evidence, also known as "propensity evidence," is not based on the idea that the evidence of a defendant's character is irrelevant. On the contrary, it is based "on a fear that juries will tend to give it excessive weight," and on the sense that defendants should not be convicted for crimes for which they are not on trial. *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (emphasis added); *see also Michelson v. United States*, 335 U.S. 469, 475-76 (1948) (finding that prior bad acts evidence offered to show propensity "is said to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge").

A two-step test governs admissibility of evidence in connection with Rule 404(b) in the D.C. Circuit. First, the Court must determine whether the evidence is "probative of some material issue other than character." *United States v. Clark*, 24 F.3d 257, 264 (D.C. Cir. 1994). Second, if the Court finds the evidence relevant to a non-character issue, it still will be excluded if it is inadmissible under any other "general strictures limiting admissibility." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1989), *cert. denied*, 498 U.S. 825 (1990). Most important among these strictures is Rule 403. *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992). Under Rule 403, "other crime" evidence will be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by . . . needless presentation of cumulative evidence." *United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003); Fed. R. Evid. 403. The government fails both steps of the test in this case.

**ARGUMENT**

**I.  The evidence is inadmissible character evidence under Rule 404(b).**

The government first asserts that Mr. Williams smoking marijuana is "intrinsic evidence" of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1), and disorderly and disruptive conduct in a restricted building or grounds in violation of § 1752(a)(2). The theory behind "intrinsic evidence" is "that because Rule 404(b) applies only to evidence of a defendant's '*other* crimes, wrongs, or acts,' it creates a dichotomy between crimes or acts that constitute the charged crime and crimes or acts that do not." *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000). In other words, "[e]vidence that constitutes the very crime being prosecuted is not" covered by Rule 404(b). *Id.*

"Which of a defendant's acts should be considered the charged crime and which should not is often uncertain." *Id.* "When evidence is 'inextricably intertwined' with the charged crime, courts typically treat it as the same crime." *Id.* But the D.C. Circuit is skeptical of the "inextricably intertwined" test, recognizing the "danger that finding evidence 'inextricably intertwined' may too easily slip from analysis to mere conclusion." *Id.* at 928; *see United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 160 (D.D.C. 2020). And the circuit has "no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b)." *Bowie*, 232 F.3d at 929.

Here, evidence of Mr. Williams taking a smoke from a marijuana cigarette is not intrinsic to the charged offenses. The government filed its complaint against Mr. Williams in March 2021, and obtained an indictment against him in May 2021, well before it discovered the Go-Pro video of him smoking marijuana. The marijuana smoking was not a part of the charged offenses then, nor is it now. The government's theory is that Mr. Williams joined a group that entered the Capitol

4

building in order to disrupt certification of the 2020 election, and that Mr. Williams shared that purpose with the group. Mr. Williams smoking marijuana is not part of that charged offense, nor is it admissible just to "complete the story" of his actions in the Capitol.

The government alternatively asserts that Mr. Williams's act of smoking marijuana is probative of his motive, intent, plan, knowledge, identity, absence of mistake, or lack of accident in regard to the alleged crimes of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1), and disorderly and disruptive conduct in a restricted building or grounds in violation of § 1752(a)(2). But Mr. Williams smoking marijuana does not make it more likely that he corruptly intended to obstruct an official proceeding, or that he entered a restricted building or engaged in disruptive conduct in a restricted building. The evidence should be excluded as inadmissible under Rule 404(b).

**II.     The evidence is unfairly prejudicial, confusing, and misleading under Rule 403.**

Should the Court find that Mr. Williams smoking marijuana is admissible under Rule 404(b), the action fails the second prong of the test because their probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180 (1997). Evidence of other crimes creates an "enormous danger of prejudice to the defendant" because "juries are prone to draw illogical inferences from such evidence." *United States v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980).

Evidence of Mr. Williams smoking marijuana is unfairly prejudicial. If jurors see it, they will make the unfortunate mental leap that if he violated the law by smoking marijuana, then he must have violated the law through the alleged crimes at issue in this case. The danger of undue prejudice is not theoretical. That juries treat other crimes as highly prejudicial has been confirmed by empirical investigations. Such reliance by the trier of fact offends the long-standing tradition that protects a criminal defendant from guilt by reputation and from unnecessary prejudice. *United States v. Linares*, 367 F.3d 941, 945-46.

In this case, the probative value is "microscopic at best." *See United States v. Jenkins*, 593 F.3d 480 (6th Cir. 2010) (finding that the government had the availability of other means of proof and so admission of defendant's prior convictions was unfairly prejudicial). The government has produced substantial video evidence purporting to show Mr. Williams in the Capitol, including film of him before entering, during his time in the building, and his exit. Some of this evidence includes video taken by Mr. Williams himself expressing his thoughts about his actions on January 6, 2021. To the extent the government seeks to use the "marijuana smoking" video to show that Mr. Williams supported President Trump, the government will be able to use this evidence, along with substantial evidence from Mr. Williams's social media, to prove this fact without using a video of Mr. Williams violating the law smoking marijuana.

In *United States v. Loza*, 764 F. Supp. 2d 55, 58 (D.D.C. 2011), the district court found that admission of a prior bribe to prove intent to accept a bribe in the offense at issue was more prejudicial than probative. The Court reasoned that the probative value was limited and substantially outweighed by the danger of unfair prejudice, confusion of issues. *Id*. The extremely limited probative value of Mr. Williams smoking marijuana is greatly outweighed by the unfair

6

prejudice that will result if admitted, especially in light of the government's availability of other means of proof. As a result, the evidence must be excluded under Rule 403.

## Conclusion

Mr. Williams requests that the Court exclude the video of him smoking marijuana in the Capitol Rotunda because it is inadmissible under Rule 404(b) and are unfairly prejudicial under Rule 403.

Respectfully submitted,

/s/ Benton C. Martin
Federal Community Defender
Eastern District of Michigan
613 Abbott St., Suite 500
Detroit, Michigan 48226
Telephone:   (313) 967-5832
Email: Benton_Martin@fd.org

Date: April 18, 2022