**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:21-cr-377 BAH** |
| **v.** | : | |
| | : | |
| **ANTHONY ROBERT WILLIAMS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION IN LIMINE OPPOSING ADMISSION OF OTHER CRIMES EVIDENCE PURSANT TO FEDERAL RULES OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to Defendant Anthony Robert Williams' Motion in Limine Opposing Admission of Other Crimes Evidence Pursuant to Federal Rules of Evidence 404(b). (Def. Opp., ECF No 38.)  Defendant asks this Court to exclude pretrial certain evidence the Government intends to introduce in its case-in-chief to prove Defendant's intent to commit the crimes with which he is charged, arguing that 1) the evidence is inadmissible character evidence under Federal Rule of Evidence (FRE) 404(b); and 2) that the evidence is unfairly prejudicial, confusing, and misleading under FRE 403.  Defendant's argument lacks merit, and his request to exclude evidence should be denied.

### I.    Background

Defendant Anthony Robert Williams (Defendant) is charged in this case with violating the following laws on January 6, 2021 during the Capitol riots: 1) 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding) and aiding and abetting; 2) 18 U.S.C. § 1752(a)(1)(Entering and Remaining in a Restricted  Building or Grounds); 3) 18 U.S.C. § 1752(a)(2)(Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 4) 40 U.S.C.

§   5104(e)(2)(D)(Disorderly   Conduct   in   a   Capitol   Building);   and   40   U.S.C.   §
5104(e)(2)(G)(Parading, Demonstrating, or Picketing in a Capitol Building). *See* ECF, 13.

During the riot, Defendant recorded himself on the Northwest stairs just minutes after rioters broke through a police line that had been formed there and proclaimed *inter alia* that "[w]e just stormed the stairs of the Capitol, pushed the cops back and were maced and pepper spray . . . Fuck that,  we took this fucking building." Defendant then entered the Capitol Building through the Senate Wing doors.    After entering the Capitol Building, Defendant and other rioters proceeded to the Crypt where they broke through another police line.

Defendant then went to the Rotunda. While in the Rotunda, Defendant again filmed himself, celebrating and proclaimed "[c]an't believe we took this fucking building, but you  gotta do whatchu gotta do when shit gets fucking desperate. Desperate times, desperate measures baby. Trump 2020." Defendant also joined a group of rioters who were smoking marijuana. While being video-recorded, Defendant took a marijuana cigarette from a fellow rioter. Image 1.  Defendant smoked the marijuana cigarette (Image 2), and then he proclaimed into the camera, "Trump 2020 baby" and help up a two-finger peace sign.  Image 3. *See* Exhibit 1, Video of Defendant Smoking.



**Image 1**



**Image 2**



**Image 3**

On March 30, 2022, the Government provided notice to Defendant of its intent to introduce at trial video depicting Defendant unlawfully in the Rotunda, including the clip in which he smoked what appeared to be marijuana.

We assert, that your client's presence in the Rotunda smoking marijuana is intrinsic evidence of violations of 18 U.S.C. Sections 1752(a)(1) and (a)(2). We are also hereby provide notice of our intent not only to introduce it as intrinsic evidence, but alternatively as 404(b)(2) evidence exhibiting the defendant's motive, intent, plan, knowledge, identity, absence of mistake, or lack of accident in violating 18 U.S.C. Sections 1752(a)(1) and (a)(2). In addition, we assert that your client's presence in the Rotunda, smoking marijuana and stating "Trump 2020" is intrinsic evidence of violation of 18 U.S.C. § 1521(c)(2). We also hereby provide notice of our intent not only to introduce it as intrinsic evidence, but alternatively as 404(b)(2) evidence exhibiting the defendant's intent, motive, plan, and knowledge of obstructing Congress's joint session to certify the Electoral College vote on January 6, 2021.

*See* Exhibit 2.

The notice stated that Defendant's presence in the Rotunda smoking marijuana was intrinsic evidence of violations of 18 U.S.C. Sections 1752(a)(1) and (a)(2). Alternatively, the notice provided that under FRE 404(b)(2), this evidence established Defendant's motive, intent, plan, knowledge, identity, absence of mistake, or lack of accident in violating 18 U.S.C. Sections 1752(a)(1) and (a)(2).  The notice also noted that Defendant's presence in the Rotunda, smoking marijuana and stating "Trump 2020" was intrinsic evidence of violation of 18 U.S.C. § 1521(c)(2), and alternatively that this evidence established Defendant's intent, motive, plan, and knowledge of obstructing Congress's joint session to certify the Electoral College vote on January 6, 2021. In sum, the video clip is direct evidence of Defendant's disorderly and disruptive conduct in the U.S. Capitol, and is evidence of his corrupt and wrongful intent that is tied directly to his purpose for being there, as he states in the very same moment as he smokes "Trump 2020."

Defendant now seeks to exclude pretrial the evidence referenced in the Government's notice, arguing that the evidence is not probative of a material issue other than character, and any

Case 1:21-cr-00377-BAH   Document 52   Filed 04/29/22   Page 5 of 14

potential value of the evidence is outweighed by its alleged unfair prejudice to the defendant. Both arguments are without merit.

## II.   **ARGUMENT**

### A.   **The Evidence that the Government Seeks to Introduce is Intrinsic to the Charged Crimes.**

Federal Rule of Evidence 404(b) limits the admissibility of evidence of a defendant's "other crimes, wrongs, or acts" to prove a defendant's propensity to commit a crime or purely to prove a defendant's character.  Fed. R. Evid. 404(b); *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000).  The limitations of Rule 404(b) only apply, however, when the evidence that the Government seeks to introduce is "extrinsic" to the charged crime.  *Id.* at 928.  That is, Rule 404(b) only limits admission of evidence that is, in fact, of "other" crimes, wrongs, or acts as opposed to "intrinsic" evidence of the crimes charged.  *See id.* at 928-29; *United States v. Badru*, 97 F.3d 1471, 1474-75 (D.C. Cir. 1995).  Evidence "offered as direct evidence of [a] fact in issue" is not evidence of an"other" crime.  *Badru*, 97 F.3d at 1475 (internal quotation marks omitted).  "In other words, if the evidence is of an act that is part of the charged offense, it is properly considered intrinsic." *Bowie*, 232 F.3d at 929.  Here, the evidence referenced in the Government's notice to the defense are statements that are intrinsic to the charged crimes. Defendant smoking marijuana while in the Rotunda is directly relevant to the 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G) offenses charged in the Indictment.

At trial the Government will prove that Defendant knowingly entered and  remained in a restricted building without lawful authority to do so in violation of 18 U.S.C. § 1752(a)(1). *See United States v. Jabr*, 4 F.4th 97, 102 (D.C. Cir. 2021)(18 U.S.C. § 1752(a)(1) requires the Government to establish that Defendant "knowingly enter[ed] or remain[ed] in any restricted

building or grounds without lawful authority to do so.") The recording of Defendant in the Rotunda of the Capitol while smoking marijuana is direct evidence that Defendant violated Title 18 U.S.C. § 1752(a)(1) by illegally remaining in a restricted building.

Also, to establish violations of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D), the Government must prove that defendant engaged in "disorderly or disruptive conduct" while in the U.S. Capitol. The jury instructions define "Disorderly conduct" and "Disruptive conduct" as follows:

> "Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

> "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

See Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release, Instruction 6.643. Defendant and other rioters illegally occupying the Capitol and smoking marijuana at the time Congress scheduled to certify the Electoral College vote is evidence of Defendant's "disorderly" and "disruptive" conduct.  This behavior, coupled with Defendant's other actions outside and in the Capitol building in overrunning the police, establish a fact in consequence; that is, a combination of disorderly and disruptive acts that Defendant engaged in that delayed Congress's certification of the Electoral College vote.

At trial, to prove a violation of 18 U.S.C. § 1512(c)(2), the Government will be required to prove beyond a reasonable doubt that Defendant "obstruct[ed], influence[d], or impede[d]," an official proceeding, or attempted to do so, and that he did so "corruptly."  18 U.S.C. § 1512(c)(2). To prove a defendant acted "corruptly" for purposes of Section 1512(c)(2), the Government must

6

prove the defendant acted (1) with intent to obstruct, impede, or influence; and (2) wrongfully. *See United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (to act "corruptly" is to act "with an improper purpose" and "with the specific intent to subvert, impede or obstruct") (quoting *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) (same); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (upholding jury instruction defining "corruptly" as acting with "consciousness of wrongdoing") (internal quotation marks omitted); *United States v. Matthews*, 505 F.3d 698, 705 (7th Cir. 2007) (upholding instruction defining "[c]orruptly" as acting "with the purpose of wrongfully impeding the due administration of justice"); Seventh Circuit Pattern Criminal Jury Instruction for § 1512(c) ("A person acts 'corruptly' if he or she acts with the purpose of wrongfully impeding the due administration of justice.").   To prove that an attempted or actual obstruction of a congressional proceeding amounts to felony obstruction in violation of 18 U.S.C. § 1512(c)(2), the Government must therefore adduce evidence establishing beyond a reasonable doubt that a defendant acted intentionally and with "consciousness of wrongdoing."   *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005).

To violate Section 1512(c)(2), the Government must also satisfy a "nexus" requirement, namely, that the defendant "contemplated a particular, foreseeable proceeding, and that the contemplated proceeding constituted an official proceeding."   *United States v. Young*, 916 F.3d 368, 386 (4th Cir. 2019) (internal quotation marks omitted).   "'[T]he nexus limitation is best understood as an articulation of the proof of wrongful intent that will satisfy the *mens rea* requirement of "corruptly" obstructing or endeavoring to obstruct'—that is, the first element of proving a § 1512(c)(2) charge."   *Id.* at 385 n.12 (quoting *United States v. Erickson*, 561 F.3d 1150, 1159 (10th Cir. 2009)).

The video of Defendant smoking marijuana is one item of evidence that reveals Defendant's corrupt state of mind, and a nexus to Congress's certification of the Electoral College vote as Defendant smokes while he, and his fellow rioters, illegally occupied the Capitol where the certification of the election was halted because of the rioters' unlawful presence in the building. The nexus between Defendant's unlawful conduct and the official proceeding is underscored by Defendant's contemporaneous comment as he smokes: "Trump 2020."   For this reason, Defendant's act of smoking marijuana and proclaiming "Trump 2020" are probative of the *mens rea* element of 18 U.S.C. § 1512(c)(2), and should be admitted as intrinsic evidence of that offense.

I.   **The Other Acts Evidence is Admissible to Prove Intent, Knowledge, Identity, and Absence of Mistake or Accident**

If the Court determines that Defendant smoking marijuana, and stating "Trump 2020" while holding up the peace sign is not direct evidence of violations of the applicable law in the case, the evidence is admissible under FRE 404(b) to establish Defendant's motive, intent, plan, knowledge, identity, absence of mistake, and lack of accident in violating 18 U.S.C. Sections 1752(a)(1) and (a)(2) and his intent, motive, plan, and knowledge of obstructing Congress's joint session to certify the Electoral College vote on January 6, 2021 in violation of 18 U.S.C. § 1512(c)(2).

Defendant knew when he entered the Capitol building that he had no lawful authority to be there, and he knew he was entering a restricted area where he should not be.  He also knew—as any citizen would know—that he could not lawfully smoke marijuana in the Capitol. To that point,

the Code of the District of Columbia prohibits smoking marijuana in any place which the public

is invited.  *See* D.C. Code § 48-911.

### a. Legal Principles

Evidence of another crime, wrong, or act, is admissible provided it is not used to prove a

person's character, to show propensity to commit the crime or act in a certain way.  As the D.C.

Circuit has summarized:

> Federal Rule of Evidence 404(b) authorizes admission of "[e]vidence of other
> crimes, wrongs, or acts" provided it is offered not "to prove the character of a
> person in order to show action in conformity therewith" but rather "for other
> purposes, such as proof of motive, opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or accident."

*United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010).

A two-pronged test determines whether evidence of "other bad acts" is admissible under

Rule 404(b).  First, the evidence must be "probative of a material issue other than character."

*United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990); *see also United States v. Douglas*,

482 F.3d 591, 596 (D.C. Cir. 2007) ("A proper analysis under Rule 404(b) begins with the

question of relevance: is the other crime or act relevant and, if so, relevant to something other

than the defendant's character or propensity [to commit crime]?").  Second, the evidence is

subject to the balancing test of Fed. R. Evid. 403, so that it is inadmissible only if the prejudicial

effect of admitting the evidence "substantially outweighs" its probative value.  *Miller*, 895 F.2d

at 1435; *see also United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 156 (D.D.C. 2013).

On the first step, it is significant that, "under Rule 404(b), *any* purpose for which bad-acts

evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove

character."  *Miller*, 895 F.2d at 1436 (emphasis in original).  In other words, Rule 404(b) "is a

rule of inclusion rather than exclusion" and it is "quite permissive, excluding evidence only if it

is offered for the sole purpose of proving that a person's actions conformed to his or her character." *United States v. Long*, 328 F.3d 655, 660-61 (D.C. Cir. 2003) (internal quotation marks omitted); *see also Douglas*, 482 F.3d at 596; *Bowie*, 232 F.3d 923, 929-30 (D.C. Cir. 2000), *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), *United States v. Lawson*, 410 F.3d 735, 740 (D.C. Cir. 2005). The D.C. Circuit previously observed, "[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question." *Miller*, 895 F.2d at 1436 (quoting 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[8], at 404-52 (1989)).

Certain "other acts" evidence might be too far logically removed from the charged offense to offer any proper purpose. One is evidence of a drug *trafficking* defendant's prior drug *use*, where the drug use evidence is offered to show a drug courier's knowledge of their unlawful cargo. In *United States v. McDonald*, the Fifth Circuit succinctly described the problem with this type of "other acts" evidence: "[t]he leap is too large." 905 F.2d 871, 875 (5th Cir. 1990). In that court's estimation, the only thing evidence of McDonald's past use of narcotics would show the jury is that "a drug user is more likely to be involved in a deal like this than a non-drug user." *Id.* That is propensity, and it is prohibited. But evidence of drug use can be properly admitted when the connection between that evidence and a fact *other than propensity* is established—including, for example, a distribution defendant's claim of unfamiliarity with drugs. *See United States v. Eaton*, 808 F.2d 72, 76 (D.C. Cir. 1987)

On the second step, the D.C. Circuit has emphasized that exclusion of otherwise relevant evidence is not appropriate if the evidence is merely prejudicial; the prejudice must be "unfair." *See United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is

prejudicial or it isn't material.  The prejudice must be unfair.") (internal quotation marks

omitted).  In close cases, the rule tilts toward admission.  *See United States v. Johnson*, 802 F.2d

1459, 1464 (D.C. Cir. 1986) ("[T]he balance should generally be struck in favor of admission

when the evidence indicates a close relationship to the offense charged.") (internal quotation

marks omitted).

Other acts evidence is properly admissible in the Government's case-in-chief to

anticipate a defendant's likely defense of lack of intent or knowledge; it need not be reserved for

cross-examination or rebuttal.  *See, e.g.*, *United States v. Brown*, 597 F.3d 399, 404 (D.C. Cir.

2010) (extrinsic evidence of defendant's "knowledge, motive, and the absence of mistake or

accident" was admissible under Rule 404(b) "to show his specific intent to defraud"); *see also*

*United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is

admissible during the government's case-in-chief if it is apparent that the defendant will dispute

that issue."), *United States v. Estabrook*, 774 F.2d 284, 289 (8th Cir. 1985) ("[W]here it is made

clear at the outset of the trial that the defendant's principal defense is a lack of knowledge or

intent, and thus the issue is unarguably in dispute, the government may take the defendant at his

word and introduce the evidence in its case-in-chief"), *United States v. Lewis*, 759 F.2d 1316,

1349 n.14 (8th Cir. 1985) ("It was not necessary for the Government to await defendant's denial

of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the

Government may anticipate the defense and introduce it in its case-in-chief").

### b. Defendant Actions are Probative and Not Unfairly Prejudicial

As described above, Defendant smoking marijuana in the Capitol Building is probative of

a number of facts at issue here.  The Government must establish Defendant's identity – that it

was Defendant himself who violated federal law on January 6, 2021 by entering or remaining in

11

a restricted building, engaging in disorderly or disruptive conduct in a restricted building, and parading, demonstrating, or picketing in a Capitol Building.  The video shows that Defendant was, in fact, present in the Capitol Building on January 6, 2021, and that he was not there accidentally or by mistake, and that he had knowledge of his actions. Defendant stating "Trump 2020" while smoking marijuana in the very building where the election certification was to take place underscored Defendant's intent and multi-purpose motive and plan– to enter and remain in the Capitol Building, engage in disruptive acts, and all for the purpose of stopping the certification of the 2020 presidential election.

The brief video clip of Defendant smoking marijuana is not unfairly prejudicial. Recreational marijuana is legal in many states and municipalities, and its use by an individual is not generally associated with bad character.  There is little risk that a juror would conclude that Defendant's purported drug use means that he has a defect of character that, in turn, made him more likely to commit the charged offenses.  Giving the jury a full picture of defendant's conduct at the Capitol on January 6, 2021, through his own statements made at or near the events in question, simply does not create unfair prejudice.

Finally, the highly probative value of the Government's proffered evidence is not substantially outweighed by potential prejudice to the defendant.  Rule 403 "does not bar powerful, or even 'prejudicial' evidence."  *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) (internal quotation marks omitted).  As with any evidence admitted under Rule 404(b), there is inherent risk of prejudice to the defendant.  *See United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995).  To warrant exclusion, prejudice to the defendant must be *unfair*, and the defense must show "compelling or unique" evidence of prejudice, *see id.*, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence.

12

## II.     Limiting Instruction

In any case, any prejudice that may result from introduction of the subject recording may be cured by a proper limiting instruction.  As this Court has recognized, "[t]he D.C. Circuit has consistently minimized the residual risk of prejudice [from 404(b) evidence] not by exclusion, but by issuing limiting instructions to the jury."  *United States v. Young*, No. 12-CR-0042 (BAH), 2013 WL 12430550, at *6 (D.D.C. July 22, 2013) (citing cases).  The Court can instruct the jury to consider the recording, to the extent that it constitutes "bad acts evidence," only in relation to whether he committed and intended to commit the charged offenses and whether his conduct on January 6, 2021 was the result of accident or mistake.  When a clear limiting instruction is provided to a jury, "'it must be presumed that the jury conscientiously observed it.'" *Shotwell Mfg. Co. v. United States,* 371 U.S. 341, 367 (1963) (quoting *United States v. Harris*, 211 F.2d 656, 659 (7th Cir. 1954)).  Accordingly, the Government submits that the Court should – consistent with the general rule of inclusion in such instances – permit testimony regarding this probative, relevant evidence, and guard against any undue prejudice by providing a limiting instruction.

## <u>CONCLUSION</u>

Because the Government's proffered evidence is admissible as intrinsic to the offenses with which Defendant is charged or, in the alternative, as evidence admissible for a legitimate none-propensity purpose under Rule 404(b), the Government respectfully requests that Defendant's request to exclude such evidence pretrial be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

/s/ Anthony L. Franks
ANTHONY L. FRANKS
Missouri Bar No. 50217MO

Assistant United States Attorney

Detailee – Federal Major Crimes
United States Attorney's Office
For the District of Columbia
Telephone No. (314) 539-3995
anthony.franks@usdoj.gov

GRACE ALBINSON
NY Bar No. 4952697

Trial Attorney, U.S. Department of Justice

Capitol Riot Detailee

150 M Street, N.E.

Washington, D.C. 20002

(202) 598-3276

Grace.E.Albinson@usdoj.gov