UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,                Crim. Action No. 21-377 (BAH)

v.

ANTHONY WILLIAMS,

                Defendant.

_____/

**REPLY REGARDING MOTION IN LIMINE
OPPOSING ADMISSION OF OTHER CRIMES EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B)**

The government has fails to demonstrate that the video purporting to show Anthony Williams smoking marijuana in the Capitol Rotunda and stating, "Trump 2020" (1) is probative of a material issue other than character, and (2) that any potential probative value is not outweighed by its unfair prejudice to the defendant. Fed. R. Evid. 404(b) and 403.

**1. The challenged evidence is not intrinsic to the charged crimes.**

The government first argues that this evidence is "intrinsic" to the charged crimes. (ECF No. 52, Resp., at 5.) But "[w]hich of a defendant's acts should be considered the charged crime and which should not is often uncertain," and there is "no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b)." *United States v. Bowie,* 232 F.3d 923, 927, 929. (D.C. Cir. 2000).

The government presents three theories for why this evidence is "intrinsic," but none hold water. The first is that it is admissible because it shows Mr. Williams in the Rotunda, and thus is admissible to establish that he remained on restricted grounds for purposes of 18 U.S.C. § 1752(a)(1). But nothing about Mr. Williams smoking marijuana or saying "Trump 2020" is

1

necessary to prove this fact. Second is that this evidence proves Mr. Williams engaged in disorderly or disruptive conduct, quoting the jury instructions defining such conduct. But these very instructions undermine the government's arguments: This other bad acts in the video do not show Mr. Williams acted to "cause another person to be in reasonable fear," used "words likely to produce violence on the part of others," was "unreasonably loud," interfered with another person by "jostling against or unnecessarily crowding that person," or interrupted the normal course of process. *See* Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release, Instruction 6.643.

Finally, the government argues that Mr. Williams smoking marijuana shows that he acted "corruptly," as required for a conviction under 18 U.S.C. § 1512(c)(2), because it shows that he contemplated a particular foreseeable proceeding that he wrongfully intended to obstruct. But whatever the exact contours of the *mens rea* for violating § 1512(c)(2)—which is one subject of Mr. Williams's pending motion to dismiss that count—the elements of the offense focus on the defendant's corrupt intent in obstructing a particular proceeding, not his general "consciousness of wrongdoing" unmoored from obstructive acts. The government's argument underscores why this evidence is improper propensity evidence: The government seeks to have the jury judge Mr. Williams for his wrongdoing in smoking marijuana rather than focusing on whether he intended to obstruct an official proceeding.

**2. The evidence is not admissible for another permissible purpose.**

The government alternatively asserts that Mr. Williams's act of smoking marijuana is probative of his motive, intent, plan, knowledge, identity, absence of mistake, or lack of accident in regard to the alleged crimes. (ECF No. 52, Resp., at 11.) It points to the fact that it must establish Mr. Williams's identity. But there is ample evidence of Mr. Williams's identity as a person in the

2

Capitol on January 6, 2021. In fact, the parties are currently working on stipulations to the fact of his identity in several other videos of him in the Capitol that day. The government also argues that Mr. Williams's statement, "Trump 2020," shows his intent, motive, and plan. But here too, there are other videos that will be admissible where Mr. Williams expresses his support of Donald Trump in the 2020 election. In this case, the probative value is "microscopic at best." *See United States v. Jenkins*, 593 F.3d 480 (6th Cir. 2010) (finding that the government had the availability of other means of proof and so admission of defendant's prior convictions was unfairly prejudicial).

The only purpose of this additional clip appears to be that Mr. Williams is smoking marijuana, and the prosecution's hope that this will prejudice the jury against him because of this unlawful act. The evidence will "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180 (1997).

The government also insists this evidence is needed to give "the jury a full picture of defendant's conduct at the Capitol on January 6, 2021." (ECF No. 52, Resp., at 12.) But this argument runs afoul of the D.C. Circuit's guidance that there is "no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b)." *Bowie,* 232 F.3d at 929. Mr. Williams smoking marijuana does not make it more likely that he corruptly intended to obstruct an official proceeding, or that he entered a restricted building or engaged in disruptive conduct in a restricted building. The evidence should be excluded as inadmissible under Rule 404(b).

**Conclusion**

Mr. Williams requests that the Court exclude the video of him smoking marijuana in the Capitol Rotunda because it is inadmissible under Rule 404(b) and are unfairly prejudicial under Rule 403.

Respectfully submitted,

/s/ Benton C. Martin
/s/ James R. Gerometta
Federal Community Defender
Eastern District of Michigan
613 Abbott St., Suite 500
Detroit, Michigan 48226
Telephone:   (313) 967-5832
Email: Benton_Martin@fd.org

Date: May 6, 2022