UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

               Plaintiff,               Crim. Action No. 21-377 (BAH)

v.

ANTHONY WILLIAMS,

               Defendant.
_____/

**MOTION IN LIMINE OPPOSING ADMISSION OF YOUTUBE VIDEO**

On May 5, 2022, after the motion cutoff in this case, the government notified counsel for Anthony Williams that it intended to introduce a Youtube video of events outside the Capitol building on January 6, 2021, and that the video is located at this web address: https://www.youtube.com/watch?v=gTurnetBh4A. It also notified counsel that it anticipates offering the segment of the video that starts at approximately 9:37 minute to 13 minutes. The government is not opposed to the defense filing this motion after the motion cutoff given the timing of the government's notice that it plans to use this video at trial, but the government does not concur in excluding the video.

Mr. Williams opposes admission of this video under Federal Rule of Evidence 901. The video is titled "Photographer, Brendan Gutenschwager, shares video of siege on the US Capitol," and it has a text overlay of "@BGOnTheScene." The video shows events on the staircase to the Capitol that was allegedly used by Mr. Williams, but Mr. Williams himself does not appear to be visible in the video as produced to counsel. The video purports to be footage obtained by an amateur videographer who entered the Capitol, and it is edited and jumps in time. It is unclear who

1

took the video and who edited the video. Therefore, it is unclear whether the video is an accurate depiction of events on January 6, 2021.

The government proposes authenticating this video through a member of the U.S. Capitol Police. The officer says he can identify himself in a portion of the video. The officer cannot testify, however, about how this video may have been edited, and it is not taken from the officer's perspective, so he cannot authenticate everything in the video is accurate.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Evidence can be authenticated through testimony from a "person with knowledge" or testimony about the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(1), (4). "For video recordings, like tape recordings, the proponent should also show that the camera functioned properly, the operator was competent in operating the equipment, and the recording fairly and accurately represented the scene depicted." *United States v. Cejas*, 761 F.3d 717, 723 (7th Cir. 2014).

In the absence of testimony from the creator of this video about how the video has been altered, the video cannot be properly authenticated. In *Gray v. Perry*, 2019 WL 2992007, at *17 (C.D. Cal. July 5, 2019), for example, the court precluded evidence of edited music videos on Youtube because of the lack of testimony from the creators of the videos. Similarly, in *Griffin v. Bell*, 694 F.3d 817, 826 (7th Cir. 2012), the court affirmed exclusion of video evidence because its proponent could not produce the creator of the video. In the same way, because the video here is edited, and the Capitol Police officer purportedly seen in the video cannot testify about the extent of the edits, the video should be excluded.

**Conclusion**

Mr. Williams respectfully asks the Court to exclude the Youtube video at issue under Federal Rule of Evidence 901.

           Respectfully submitted,

           /s/ Benton C. Martin
           /s/ James R. Gerometta
           Federal Community Defender
           Eastern District of Michigan
           613 Abbott St., Suite 500
           Detroit, Michigan 48226
           Telephone:     (313) 967-5832
           Email: Benton_Martin@fd.org

Date: May 12, 2022