UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

               Plaintiff,               Crim. Action No. 21-377 (BAH)

v.

ANTHONY WILLIAMS,

               Defendant.

_____/

## MOTION TO CONTINUE TRIAL

Although the government opposes continuance of trial, its response to Anthony Williams's request for continuance in fact provides additional reasons why a continuance is necessary. Particularly, the government's motion, in summarizing its anticipated witness testimony, shows why the yet-to-be-disclosed evidence and witness interviews from the Select Committee investigation are important to this case. The motion should be granted.

**1. This motion is timely because it is based on new information.**

The government first opposes the motion on grounds of timeliness, claiming that information about the Select Committee's investigation was known to the parties and discussed at the pretrial conference on June 10, 2022. But at least four important new pieces of information have been disclosed since the pretrial conference. First, it is now known that the Committee will hold a hearing on June 23, 2022, four days before trial, and that it has yet to hold its two anticipated hearings about the storming of the Capitol. Second, since the pretrial conference, the government in at least one case recognized "that the timing of the hearings may prejudice the defendants." (ECF No. 102-1, Consent to Continue Trial & Graves Letter, at 1 n.1.) Third, the government now

acknowledges that it is "readily apparent that the interviews the Select Committee conducted are not just potentially relevant to our overall criminal investigation, but are likely relevant to specific prosecutions that have already commenced." (*Id.* at 4.) Relatedly, the Department "cannot be sure that all relevant evidence has been considered without access to the transcripts that are uniquely within the Select Committee's possession." (*Id.*) Fourth, as addressed further below, the government's witness list makes clear that it intends to introduce evidence that is related to the "general events of the riot," the same topic of upcoming Select Committee hearings.

In fact, even since Mr. Williams filed his motion on June 20, 2022, there are new developments favoring a continuance. After the fourth Select Committee hearing on June 21, 2022, Representative Jamie Raskin, a member of the Select Committee, explained, "The original hearings would have wrapped up in June, but we are picking up new evidence on a daily basis with enormous velocity." Andrew Solender, *Jan. 6 committee weighs changes to hearing schedule, citing new evidence*, AXIOS, June 21, 2022, https://perma.cc/8NT3-UL4C. This reporting confirms that dates have yet to be announced for two more hearings that will focus on the storming of the Capitol on January 6. These hearings, and the new information presented at them, are likely to have particular bearing on this case because they address those who entered the Capitol building on January 6. These hearings could occur during or right after trial.

2. **Relevant information unavailable to the parties makes continuance necessary.**

It is undisputed that the government does not know the full contents of the Select Committee's investigation, including over a thousand witness interviews. Instead, it argues that this case is different than *United States v. Nordean, et al*, 21-cr-175 (TJK), where the court granted an adjournment until December with government consent, because "[t]he trial in this case will

focus on the conduct of defendant Williams," rather than a complex conspiracy involving an extremist group. (ECF No. 104, Resp., at 4.) There are two primary problems with this argument.

First, the government's argument that this trial will "focus" on Mr. Williams's specific conduct is undercut by its summary of its witness list, as only one of its seven witnesses is anticipated to testify about Mr. Williams's particular actions. Only Agent Hughes, the case agent from Detroit, is anticipated to testify specifically about the FBI's investigation of Mr. Williams himself. The majority of the witnesses are being called to describe general background on the events at the Capitol on January 6: The exact topic anticipated at future Select Committee hearings. For example, Captain Tighe will describe the "general events of the riot" and "certain responses to the threat of rioters." (ECF No. 104, Resp., at 4.) Captain Ortega also will describe "the general events of the riot." (*Id.*) Officer Lopez will describe "events of the riots inside and outside the Capitol." (*Id.* at 5.) Officer Hussain will "generally describe the MPD response" to the riot. (*Id.*) The government cannot claim that the Select Committee materials are not important to this case when a large portion of its trial testimony appears to focus on background information about the "general events of the riot."

Second, the government's argument that the concerns about the Department of Justice's lack of access to Select Committee materials are limited to the *Nordean* case is undermined by the broad language of the letter from U.S. Attorney Matthew Graves. The letter makes no reference to the *Nordean* case specifically. On the contrary, the letter states broadly that the Select Committee's interviews are potentially relevant to the overall criminal investigations about January 6. (ECF No. 102-1, Consent to Continue Trial & Graves Letter, at 4.) The letter also states, without specific reference to the *Nordean* case, that the witness interviews are "critical" to the assessment of

3

witness credibility and Department of Justice "cannot be sure that all relevant evidence has been considered without access to the transcripts." (*Id.*)

The government says that only one of its witnesses has provided a statement to the Select Committee. (ECF No. 104, Resp., at 5.) But because the government lacks access to the Select Committee's work, it cannot say whether testimony provided to the Select Committee discusses the actions of its witnesses or bears relevance to their credibility, particularly if those witnesses plan to discuss the "general events of the riot." Further, the government fails to address the concern that the Select Committee's interviews may be relevant to the exhibits in the case, some of which are taken from other participants in the events of January 6 that are not being called as witnesses, but who may have testified before the Select Committee.

Continuance is necessary because of the parties' lack of access to relevant evidence even apart from the issue of juror bias.

3. **Voir dire cannot dispel juror prejudice.**

The government claims that the additional question the parties proposed about the Select Committee hearings is adequate to protect Mr. Williams's right to a fair and impartial jury. (ECF No. 104, Resp., at 6.) In doing so, it ignores and does not distinguish *Delaney v. United States*, 199 F.2d 107 (1st Cir. 1952), which reversed the refusal to grant a continuance.

Instead, the government emphasizes *United States v. Haldeman*, 559 F.2d 31, 63 (D.C. Cir. 1976). But *Haldeman* emphasized that the "overwhelming bulk" of the publicity in that case consisted "of straightforward, unemotional factual accounts of events and of the progress of official and unofficial investigations." *Id.* Here, in contrast, the presentations are far from unemotional: "The presentations in the hearings have been powerful, the recorded interviews compelling, and the rhetoric damning and often electrifying." Benjamin Wittes, *et al.*, *Evaluating*

4

*the Jan. 6 Committee's Evidence*, LAWFARE, June 15, 2022, https://perma.cc/8VTX-B8T4. And unlike in *Haldeman*, the high-profile emotional nature of the hearings is only further amplifying the tenor of the media coverage even now, in the week before trial, leading to "surging public interest in the panel's work." Solender, *supra*. Moreover, *Haldeman* did not involve the concern about new evidence from congressional hearings, undisclosed to government or defense counsel, that may be revealed four days before, during, or after trial. In light of these concerns, continuance is necessary for a fair trial.

## Conclusion

In light of the timing of the Select Committee hearings, and the parties' lack of access to evidence obtained through the Committee's investigation, Mr. Williams respectfully asks the Court to continue his trial.

Respectfully submitted,

/s/ Benton C. Martin
/s/ James R. Gerometta
Federal Community Defender
Eastern District of Michigan
613 Abbott St., Suite 500
Detroit, Michigan 48226
Telephone:	(313) 967-5832
Email: Benton_Martin@fd.org

Date: June 22, 2022