**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 21-377 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| ANTHONY ROBERT WILLIAMS, | |
| Defendant. | |

**ORDER DENYING MOTION FOR CONTINUANCE OF TRIAL**
**SCHEDULED TO BEGIN MONDAY, JUNE 27, 2022**

On June 20, 2022, one week before the scheduled start of trial in this case on Monday,
June 27, 2022, defendant Anthony Robert Williams sought a continuance of his trial date, Def.'s
Motion to Continue Trial ("Def.'s Mot."), ECF No. 102, scheduled nearly five months earlier on
January 21, 2022, on a date proposed by the parties, *see* Joint Status Report, ECF No. 29.
Defendant now seeks to delay his trial for some unspecified period "until after September 2022,"
in light of the investigation and hearings conducted by the House Select Committee to
Investigate the January 6th Attack on the United States Capitol ("Committee").  *See generally*
Def.'s Mot.

Although the Committee Hearings are garnering public attention and appear to be
continuing an investigation into the events of January 6 *writ large*, this is not sufficient reason, at
the eleventh hour, to delay *this* defendant's trial on one felony charge of obstructing a
congressional proceeding, in violation of 18 U.S.C. § 1512(c)(2), and four misdemeanor charges
of unlawfully entering and remaining in the U.S. Capitol; unlawfully engaging in disorderly and
disruptive conduct; and unlawfully parading, demonstrating, and picketing, in violation of 18

1

U.S.C. §§ 1752(a)(1), (a)(2) and 40 U.S.C. § 5104(e)(2)(D), (e)(2)(G).  Thus, as explained further below, this motion to continue the trial is DENIED.

## I.  DISCUSSION

Defendant's motion to postpone the trial takes a two-pronged approach.  First, defendant revives some of his arguments about pretrial publicity that the Court rejected when denying his earlier motion for change of venue at the pretrial conference held June 10, 2022.  Those arguments still fail.  Second, defendant raises a new concern that flirts with the concept of the government's discovery obligations in light of a letter, dated June 15, 2022, from the U.S. Attorney for the District of Columbia to counsel for the Committee.  Letter from Matthew M. Graves, U.S. Attorney for the District of Columbia, *et al.*, to Timothy J. Heaphy, Chief Investigative Counsel, Committee (June 15, 2022) ("USAO Letter"), ECF No. 102-1.  While withstanding the government's challenge as untimely, given that the USAO Letter postdates the pretrial conference, this argument fails as well on the substantive merits.

### A.  Publicity and the Committee Hearings

Defendant states that the Committee Hearings have garnered substantial viewership and "have disclosed new evidence related to January 6 and in a manner likely to affect the public," including evidence previously unknown to the parties in this case.  Def.'s Mot. at 2.  The Committee Hearings were already discussed at the pretrial conference, held on June 10, 2022, the morning *after* the first of the Hearings was nationally broadcast in prime-time and garnered substantial viewership.  By this point, the fact that new information is being revealed over the course of the Hearings was apparent, and nothing has happened since then to render insufficient the *voir dire* inquiries on that subject.

As noted at the pretrial conference, the Committee Hearings have been methodically articulating an organized, high-level plot reaching the highest levels of government actors to

2

disrupt Congress's certification of the 2020 presidential election results, with specific mention of the names of both certain government actors and certain far-right groups, including the Proud Boys, alleged members of which group are currently charged in this Court. All agreed at the pretrial conference that the Hearings, and their likely overlap in timing with defendant's trial, warranted special care at *voir dire* and to that end, the parties jointly proposed an additional *voir dire* question, a substantially equivalent version of which will be asked by the Court, addressing the matter. *See* [98] Notice to the Court in Response to the June 10, 2022 Order. Nothing has happened since then to alter the nature and subject matter of the Hearings so as to render this agreed-upon remedy insufficient.

## B.   House Committee Investigative Materials

Defendant now observes that the U.S. Attorney for the District of Columbia has contacted the Committee seeking increased access to the Committee's investigative materials, which might be relevant to some criminal investigations arising from the events of January 6, 2021. Def.'s Mot. at 5 (quoting USAO Letter). Defendant suggests that some of those materials, which may not be fully released until the Fall, might in some way bear on his case and argues that a continuance until "after September 2022" is therefore necessary. *See* Def.'s Mot. at 2–6.[1]

Although the USAO Letter indeed indicates that substantial investigative materials exist in the possession of the Committee that are not currently available to prosecutors (and therefore to any defendant facing criminal charges arising from the events on January 6, 2021), defendant offers no reason other than bald speculation to believe that such Committee materials will bear in a material way on the evidence to be presented at trial concerning *this* defendant's offense

---

[1]   The government insists that defendant's motion is "untimely" and not based on "new information" arising after the pretrial conference. Gov't's Opp'n Def.'s Mot. Continue at 1–2, ECF No. 104. Given that the USAO Letter was issued after the pretrial conference, defendant has at least a plausible point that this letter constitutes new information warranting the late motion. In any event, because the motion fails on the merits, no further discussion of this timeliness dispute is necessary.

conduct.  Defendant's suggestion that he faces "prejudice" due to the potential eventual existence of additional information, Def.'s Mot. at 6, is unfounded as he does not even suggest that the prosecuting government office has access to relevant information that has not been shared with him.  Defendant provides no authority suggesting that the mere existence of a parallel third party investigation into the events of January 6, in which events defendant is charged with playing only a small part, necessitates putting on hold all January 6-related criminal proceedings.

Contrary to defendant's assertion, Def.'s Mot. at 2, 4; Def.'s Reply Supp. Mot. Continue Trial ("Def.'s Reply") at 4, ECF No. 106, this situation does not resemble that in *Delaney v. United States*, 199 F.2d 107 (1st Cir. 1952), where *the defendant himself* was a principal subject of the concurrent congressional hearings, *see id.* at 110 ("On October 16, 1951, in Washington, D.C., the King Committee commenced public hearings focused upon alleged derelictions *of appellant Delaney*." (emphasis added)).  Furthermore, even where extensive pretrial publicity involving the named defendant is occurring, a defendant is not per se entitled to a continuance.  *See United States v. Haldeman*, 559 F.2d 31, 59, 63 (D.C. Cir. 1976) (affirming the district court's denial of continuance despite "extraordinarily heavy coverage in both national and local news media," further noting that "if an impartial jury actually cannot be selected, that fact should become evident at the voir dire").

Defendant further argues that prosecutors have separately consented to the Court-ordered continuance requested by some of the defendants in *United States v. Ethan Nordean*, et al., Criminal Case No. 21-cr-175, for related reasons, *see* Def.'s Mot. at 4; *see also* Min. Entry (June 22, 2022), *Nordean*.  *Nordean*, however, is entirely different from this case in kind, complexity, and profile before the Committee.  *Nordean* is a complex case in which five defendants allegedly associated with the Proud Boys organization are named collectively in ten counts charging multiple felonies, including "seditious conspiracy," in violation of 18 U.S.C. § 2384.  *See* Third

4

Superseding Indictment, *United States v. Nordean*, No. 21-cr-175 (D.D.C. June 6, 2022), ECF No. 380.  The government represents that *Nordean* and similar cases motivated the USAO Letter, Gov't's Opp'n Def.'s Mot. Continue ("Gov't's Opp'n") at 4, ECF No. 104, and common sense bears out why that is so.  The Committee Hearings appear to be focusing on pre-planning and coordination among high-level government actors (and their associates) with these right-wing organizations for the events on January 6, 2021, and such an investigation could bear on the evidence against defendants accused of participating in the Capitol attack in a more organizational or systematic way, as is alleged against the *Nordean* defendants.  The government asserts no such allegations against this defendant, who is not even charged with conspiracy.

Contrary to defendant's protestation, the "broad language" of the USAO Letter, *see* Def.'s Reply at 3, raises no new concern relevant for this defendant.  The relevance of the Committee's interviews to "overall criminal investigations," USAO Letter at 1, is obvious, but no "investigation" is ongoing into this defendant.  While the USAO Letter also indicates that Committee materials are "likely relevant to specific prosecutions that have already commenced," *id.*, there is no indication that the instant case is one of those prosecutions and ample indication that it is not, given the dissimilarity between this case and cases like *Nordean*.

Defendant's implicit suggestion that the existence of an investigation conducted by a third party congressional committee compels delaying peripherally related judicial criminal proceedings for an indeterminate time—ostensibly while that congressional investigation is ongoing until its conclusion, while awaiting the committee's determination of whether and when to disclose underlying investigative materials, in whole or in part, either publicly or to the prosecuting government authorities, and, finally, while providing sufficient time for the parties to sift through any released materials, *see* Def.'s Reply at 2–4—is simply a non-starter.  Taken to its logical endpoint, defendant's argument would preclude nearly *any* criminal trial on *any*

subject, *ever*, from proceeding, as it is *always* possible that relevant information exists somewhere that is not fully known by or in the possession of the parties.  Hence, the government's discovery obligations in a criminal case are properly limited to materials potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others.  *See, e.g.*, *United States v. Mejia*, 448 F.3d 436, 444-45 (D.C. Cir. 2006) (rejecting defense argument that government's discovery obligations extended to securing potentially relevant material held by foreign government); *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (observing that "the government cannot be required to disclose evidence that it neither possesses nor controls"); *United States v. Weisz*, 718 F.2d 413, 436 (D.C. Cir. 1983)(noting that the "duty of disclosure attaches in some form *once the [g]overnment has first gathered and taken possession of the evidence* in question" (emphasis in original) (quoting *United States v. Bryant*, 439 F.2d 642, 644 (D.C. Cir. 1971))); *see also United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir. 1976) (declining to reach the question whether the Jencks Act or *Brady* principles reach "materials in the possession of Congressional Committees").

Defendant offers no reason to believe that the body of evidence developed in this case about him specifically is in some way deficient, let alone deficient in a manner that prejudices defendant relative to the government.  To the extent that a single witness to be called in the government's case-in-chief to "establish that the Vice President—a person protected by the Secret Service—was present at the Capitol on January 6, 2021 and thus that the Capitol Building and grounds were a restricted area," Gov't Opp'n at 5, provided an unsworn statement to the House Committee, *id*. at 5 n.1, that does not change the analysis, since not every statement made by a government witness to a third party about the subject matter of testimony is necessarily

converted into discoverable material, particularly when the government is neither privy to nor in possession of that statement.

The relatively cabined charges against defendant rise and fall on the evidence presented at trial as to what this defendant—and nobody else—perceived, thought, intended, and did on January 6, 2022.  No congressional inquiry or investigation is required to tell that story.

*   *   *

In sum, any prejudice (or benefit) to defendant arising from the Committee Hearings will be properly addressed by the combination of *voir dire* questioning and explicit instructions to empaneled jurors not to consume any media coverage about the Committee Hearings, or otherwise related to January 6, while the trial is underway. The events of January 6, 2021, occurred nearly 18 months ago and this defendant was charged and arrested nearly 15 months ago, with the trial in this case scheduled nearly 5 months ago, with ten substantive pretrial motions already resolved in preparation for trial to proceed in less than three business days. The interests of justice are not served by any further delay in the resolution of this case.

## II.     ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Continue Trial, ECF No. 102, is **DENIED**.

**SO ORDERED.**

Date: June 23, 2022

_____
BERYL A. HOWELL
Chief Judge