**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:21-cr-377 BAH** |
| **ANTHONY ROBERT WILLIAMS,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to Williams' Sentencing Memorandum filed on September 5, 2022 (ECF 121) in this case.

Williams argues that the Court should consider a reduction in the offense level for acceptance of responsibility under USSG § 3E1.1. (ECF 121, at 5.) The Government maintains the arguments it made in its initial Sentencing Memorandum that Williams failed to accept responsibility in this case. *See* Government's Sentencing Memorandum (ECF at 120, at 44.) Additionally, the Government emphasizes that at the start of trial, the Court instructed the jury as follows as part of the parties' agreed upon Statement of the Case:

> Specifically, defendant Anthony Robert Williams is charged with unlawfully obstructing Congress's joint session to certify the Electoral College votes, unlawfully entering an remaining in the U.S. Capitol, unlawfully engaging in disorderly and disruptive conduct, and unlawfully parading, demonstrating, and picketing. Mr. Williams denies each charge.

Trial Tr. at 71-72, afternoon session. Williams never conceded or legally admitted his guilt to any charge in this case. In fact, the Court had to admonish him for making the following statement on Twitter denying his guilt on the first day of trial:

1

> I began my January 6th trial today. We had jury selection as well as opening statements by both prosecution and defense. Tomorrow we will begin with prosecution witnesses, six out of seven who have never saw [sic] me on January 6th. Pray for me and thank you for your support.

Trial Tr. at 74. Williams did not admit his guilt to the jury nor to his social media followers. His argument is meritless.

Williams' actions on Twitter the first day of trial also underscore why this Court should summarily dismiss Williams' argument that he is remorseful. While Williams took to Twitter to profess the government's alleged lack of evidence, Williams claims in his Sentencing Memorandum that he had an epiphany that same day and a sudden feeling of remorse during jury selection as "seeing jurors discuss the negative effect of January 6 on their lives made him realize the impact of his actions." (ECF 121, at 6.). Williams' claims of remorse are disingenuous and should be rejected.

Williams contends that this Court should vary downward to avoid a "trial tax" because the government offered Williams a plea to the felony obstruction charge with an advisory range of 15 to 21 months. (ECF 121, at 6.) As the Court is aware, Williams was provided with an opportunity to accept responsibility for his crimes, admit his conduct, and enter a plea of guilty. He rejected that offer, and he did so with full knowledge of the consequences. In accordance with *Lafler v. Cooper*, 566 U.S. 156 (2012), this Court, the government, and defense counsel addressed on the record the possible consequences of Williams decision to reject the government's plea offer and being found guilty of each offense at trial, including the potential application of an eight increase under USSG § 2J1.2(b)(1)(B)[1], and the loss of a three-level reduction for acceptance of

---

[1] The Government provided a comprehensive response in its Sentencing Memorandum to

responsbiltty. Tr. Pretrial Conference, at 22-23, June 10, 2022,      Williams knowingly and intelligently exercised his right to a jury trial, and he was found guilty.  He knew the potential range of punishment for his actions, and he should be sentenced within that range.

Williams argues for a sentence of 15 months' incarceration, well below the applicable guidelines range. He argues, in part, that he has been deterred because his "face and name were splashed across the internet in articles announcing his arrest and charges." He claims that "[t]his public shaming has already accomplished many of the goals of sentencing. The Internet allows the re-emergence of public shaming . . . ."  (ECF 121, at 11-12.)

Not only is this claim legally meritless, but Williams has shown that he was not shamed by his conduct at the Capitol.  He called January 6th the "proudest day of his life." *See* Government's Trial Exhibit 9.33.   Moreover, on April 18, 2021, he asked subscribers to the social media site Patriots.win to "google" that he was arrested; he boasted about his actions asserting, "[w]e holdin the line here just like we did in D.C. when we stormed that swamp. Google Southgate man arrested U.S. Capitol." *See* Government's Trial Exhibit 10.12.  Williams is not deterred or shamed by his social media status. He relishes it.

 Williams also claims that there is no need to protect the public from him. That is incorrect. Williams has an extensive criminal history. Although his convictions are too old to garner criminal history points, they are significant in scope and include convictions for burglarly, arson, criminal trespass, disorderly conduct, battery/bodily injury. PSR, ¶ ¶ 49-59.  Moreover, at the Capitol on

---

Defendant's objection to the application of USSG §  2J1.2(b)(1)(B), which it will not rehash here as Defendant raises no additional support for his objection which he first asserted opposing Probation's draft Presentence Investigation Report. *See* Government's Sentencing Memorandum (ECF at 120, at 44 - 47.)

January 6th he admitted in his own video that he fought past the police's tear gas and joined with a mob to take over the Capitol. *See* Government Trial Exhibit 4.1. He overran the police in the Crypt and resisted them in the Rotunda. *See* Government's Trial Exhibit 5.0;  Trial Tr. at 55-56, 6/29/22, morning session. He also used violent rhetoric before and after the riot. *See* Government's Exhibits 9.0, 9.1, 9.3, 9.4, 9.6, 9.9, 9.10, 9.11, 9.12, 9.13, 9.14, 9.15, 9.21, 10.2, 10.4, 10.5, and 10.8. There is a clear need to fashion a sentence here to protect the public.

Finally, in terms of alleged senterncing desparities, for the reasons stated below and, in the government's previously-filed sentencing memorandum (ECF No. 120), a sentence of 64 months' imprisonment would not produce unwarranted sentencing disparities.  The government is asking for a sentence within the guidelines range for this defendan, and that recommendation is fully supported by the facts of this case. Williams posted prolifically on Facebook and Patriots.win showing his intent and desire to stop the certification of the 2020 election, and came to Washington, D.C. on January 6, 2021, to do just that.  He made veiled threats online, but threats nonetheless, to politicians before he came the Capitol and employed military and war-like rhetoric in his posts.  And rather than "milling about" (ECF No. 121 at 14), as Williams asserts he did, once he got to the Capitol, , he helped rioters climb onto the Northwest stairs by stacking bicycle racks, stealing the United States Capitol Police's water bottles, encouraging other rioters to do so, joining the mob of rioters that broke the police line in the Crypt, and pushing against other rioters to actively resist the police officers' efforts to clear the Rotunda.

Williams contends that other January 6 cases which resulted in sentences that were lower than that recommended by the government here are comparable to his case. He is wrong. As stated in the government's Sentencing Memorandum, the conduct of defendant Paul Hodgkins (21-cr-

00188-RDM) is distinguishable from Williams' and thus Williams merits a harsher sentence.  In addition to the reasons previously stated, Williams not only did not admit guilt or express remorse, but in fact, as of September 6, 2022, Williams' Twitter account displayed a tweet from April 26, 2022 proclaiming, "November 2 was the Insurrection; January 6th was the protest!"  *See* Exhibit 1.  Williams continues to have no remorse for his actions or the actions of the other rioters.

Williams' disparities argument also fails because, with the exception of defendants Guy Reffitt and Thomas Robertson, the cases Williams cites involved guilty pleas and final offense levels  lower than that applicable to Williams.  Williams' final offense level is 25, whereas Paul Hogkins's final offense level was 14 (21-cr-188-RDM, ECF No. 22).  The final offense level for Duke Wilson (21-cr-345-RCL, ECF No. 17), Matthew Miller (21-cr-75-RDM, ECF No. 58), Jacob Chansley (21-cr-3-RCL, ECF No. 69), and Greg Rubenacker (21-cr-193-BAH, ECF No. 46) was 22.

Williams' argument concerning defendant Guy Reffitt, who was sentenced to 87 months' imprisonment, also falls flat.  The government acknowledge that Williams' conduct was less extreme than Reffitt's, and its mid-range recommendation in this case reflects that fact.  Likewise, Williams and Robertson engaged in similar conduct on January 6, 2021, as previously outlined by the government, and yet the government's mid-range recommendation here  is more than two years less than Robertson's sentence.  Williams' below-guidelines requested sentence, by contrast, would cause rather than avoid unwarranted disparities with similarly situated defendants.

Lastly, Williams argues that he should receive a sentence in line with those of misdemeanor defendants.  *See* ECF No. 121 at 18-19.  Williams was convicted of a felony and therefore comparing his sentence with that of misdemeanor defendants would not promote the goal of

avoiding sentencing disparities.  In any case, Williams' conduct was much more egregious than the conduct of the defendants in the misdemeanor cases he cites because Williams clearly intended – as evidenced by his Facebook and Patriots.win posts – to stop the certification of the 2020 presidential election.  Moreover, all the defendants in the misdemeanor cases Williams cites pleaded guilty and accepted responsibility for their crimes, unlike Williams.

Therefore, for the reasons stated above, and in the government's sentencing memorandum (ECF No. 120), granting the government's instant recommendation would not constitute an unwarranted sentencing disparity.

## CONCLUSION

For the reasons set forth above, the government recommends that the Court impose a sentence of imprisonment of 64 months, which is a mid-point of the sentencing guidelines range as calculated by the government, restitution of $2,000, and a total of $170 in special assessments for each count of conviction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:      _/s/ Anthony L. Franks_____
ANTHONY L. FRANKS
Missouri Bar No. 50217MO
Assistant United States Attorney
Detailee – Federal Major Crimes
United States Attorney's Office
For the District of Columbia
Telephone No. (314) 539-3995
anthony.franks@usdoj.gov


GRACE ALBINSON
NY Bar No. 4952697
Trial Attorney, U.S. Department of Justice
Capitol Riot Detailee
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-3276
Grace.E.Albinson@usdoj.gov