UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CASE NO. 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

## MOTION FOR BOND PENDING APPEAL

Anthony Williams moves for bond pending appeal under 18 U.S.C. § 3141(b) and § 3143(b). The government has indicated that it opposes this request. In support of this request, Mr. William states the following:

1.    On September 16, 2022, this Court sentenced Mr. Williams to 60 months' imprisonment followed by 36 months' supervised release, after his conviction by jury on five counts, including one felony conviction for obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), and four misdemeanors.

2.    As part of the underlying proceedings, Mr. Williams preserved at least three issues that he intends to raise during the appeal: Whether the § 1512(c)(2) charge applies to his conduct; whether adjournment of trial or change of venue was proper; and whether the eight-level enhancement for threatening physical injury should apply to his sentence under USSG § 2Jl.2(b)(1)(B).

3. On September 16, 2022, Mr. Williams filed a timely notice of appeal.

4. Mr. Williams has been directed to report to the Bureau of Prisons on October 18, 2022.

5. Mr. Williams has been free on pretrial release for over 18 months and has been in compliance with his bond conditions the entire time. His compliance with pretrial conditions for over a year and a half is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of community if the same conditions remain in place. *See* 18 U.S.C. § 3143(b)(1)(A). Further, the appeal will raise at least one substantial question of law that could result in reversal. *Id.* § 3143(b)(1)(B). Specifically, another judge in this district has disagreed with this Court in regard to the application of § 1512(c)(2) to a situation substantially the same as Mr. Williams. *United States v. Miller*, Case No. 1:21-CR-00119 (CJN), 2022 WL 823070 (D.D.C. Mar. 7, 2022), *appeal docketed*, No. 22-3041 (D.C. Cir. June 28, 2022). A government appeal remains pending in *Miller*. The charge under § 1512(c)(2) is the only felony conviction Mr. Williams incurred in this case. If he prevails, it would result in a reversal of that conviction and a resentencing.

For the above noted reasons, this Court should grant Mr. Williams bond pending appeal.

                                            Respectfully submitted,

                                            s/ Benton C. Martin
                                            s/James R. Gerometta
                                            Counsel for Anthony Williams
                                            Federal Community Defender
                                            613 Abbott Street, Suite 500
                                            Detroit, Michigan 48226
                                            Email: Benton_Martin@fd.org
                                            Phone: 313.967.5832

Date: September 30, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CASE NO.: 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

**BRIEF IN SUPPORT OF
MOTION FOR BOND PENDING APPEAL**

**I.
BACKGROUND**

On September 16, 2022, this Court sentenced Anthony Williams to 60 months' imprisonment followed by 36 months' supervised release, after his conviction by jury on five counts, including a felony conviction for obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2). As part of the underlying proceedings, Mr. Williams preserved at least three issues that he intends to raise during the appeal: Whether the § 1512(c)(2) charge applies to his conduct; whether adjournment or change of venue was proper; and whether the eight-level enhancement for threatening physical injury should apply to his sentence under USSG § 2J1.2(b)(1)(B).

On September 16, 2022, Mr. Williams filed a timely notice of appeal. Mr. Williams has been directed to report to the Bureau of Prisons on October 18, 2022. Mr. Williams has been free on pretrial release for over 18 months and has been in compliance with his bond conditions the entire time.

## II.
## ARGUMENT

To remain free on bond pending appeal, a defendant must establish by clear and convincing evidence that he is not a danger to the community or a risk of flight and that: (1) the appeal is not taken for the purpose of delay; (2) the appeal raised a substantial question or law or fact; and (3) a favorable ruling would result in reversal, a new trial, or no further custody. 18 U.S.C. §3143(b)(1)(A) and (B).

Here Mr. Williams has remained free on bond since his arrest over 18 months ago. He continues to act as caretaker for his mother, is gainfully employed, and reports as directed to pretrial services. There is no indication in the record that he presents a danger to the community or a risk of flight.

To determine if the appeal raises a substantial issue of law or fact, the D.C. Circuit has instructed courts to look at whether the question was a "close" one. Or in other words, if it could have "very well been decided the other way." *United States Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Indeed, the question of whether 18 U.S.C. § 1512(c)(2) applies to the similar conduct at the U.S. Capitol on January 6, 2021, was decided differently by another judge of this court in *United States*

*v. Miller*, Case No. 1:21-CR-00119 (CJN), 2022 WL 823070 (D.D.C. Mar. 7, 2022), *appeal docketed*, No. 22-3041 (D.C. Cir. June 28, 2022). The government has appealed in that case and the appeal remains pending. Given the amount of litigation surrounding this issue, this Court can make a finding it is a substantial issue within the meaning of 18 U.S.C. § 3143(b)(1)(B).

If Mr. Williams prevails on this issue, then he would be entitled to reversal of the only felony count of conviction against him. That would satisfy that 18 U.S.C. § 3143(b)(1)(B)(i). He also would face a substantially reduced sentence if sentenced only to the misdemeanors, or if he were to prevail on his argument that the eight-level enhancement under § 2J1.2(b)(1)(B) should not apply.

## III.
## CONCLUSION

In light of the lack of evidence suggesting Mr. Williams's dangerousness or a risk of flight, and the substantial question about § 1512(c)(2), Mr. Williams's release under 18 U.S.C. §3143(b)(1) is proper.

Respectfully submitted,

s/ Benton C. Martin
s/James R. Gerometta
Counsel for Anthony Williams
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: Benton_Martin@fd.org
Phone: 313.967.5832

Date: September 30, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CASE NO.: 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.

_____/

## CERTIFICATE OF SERVICE

    I, hereby certify that on September 30, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                       **FEDERAL COMMUNITY DEFENDER**

                                       s/Jennifer Mellas
                                       Paralegal
                                       Federal Community Defender
                                       613 Abbott Street, Suite 500
                                       Detroit, MI 48226
                                       Phone: 313-967-5859
                                       E-mail: Jennifer_Mellas@fd.org

Dated: September 30, 2022