UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               CASE NO. 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

## RENEWED MOTION FOR BOND PENDING APPEAL

Anthony Williams moves for bond pending appeal under 18 U.S.C. § 3141(b) and § 3143(b). The government has indicated that it opposes this request. In support of this request, Mr. William states the following:

1. On September 16, 2022, this Court sentenced Mr. Williams to 60 months' imprisonment followed by 36 months' supervised release, after his conviction by jury on five counts, including one felony conviction for obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), and four misdemeanors.

2. As part of the underlying proceedings, Mr. Williams preserved the question whether § 1512(c)(2) charge applies to his conduct.

3. On September 16, 2022, Mr. Williams filed a timely notice of appeal. His appeal is docketed as Appeal No. 22-3067.

4.      Before his self-surrender, Mr. Williams moved for bond pending appeal, and this Court denied that motion in a minute order dated October 14, 2022. The denial was based on two grounds. First, this Court concluded that the argument that a conviction under § 1512(c) required a factual finding that the defendant took action "with respect to a document, record or other object" was not a "substantial such that it is a close question or one that very well could be decided the other way." Second, the district court found that a reversal of the felony conviction would not result in a sentence reduction "less than the total of the time already served plus the expected duration of the appeal process," as required by 18 U.S.C. § 3143(b)(1), because Mr. Williams had only served one day up to that point, and because the appeal was expected to take "less than a year."

5.      Mr. Williams self-surrendered to the Bureau of Prisons on October 18, 2022, after being free on pretrial release for over 18 months.

6.      After his surrender, Mr. Williams asked the D.C. Circuit for release pending appeal, and the D.C. Circuit denied that request on September 28, 2023, concluding that Mr. Williams had "not shown that this appeal presents a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Appeal No. 22-3067, Doc. #2019283.

7.      In December 2023, the Supreme Court granted certiorari in *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed Sept. 11, 2023).

8.      Since then, multiple January 6 defendants appealing their conviction under § 1512(c)(2) have been granted release pending appeal with the reasoning that a grant of certiorari does indicate a substantial or close question of law for § 3143(b) purposes.  Memorandum Opinion, *United States v. Sheppard*, Case No. 1:21-CR-00203 (JDB) (D.D.C. Jan. 11, 2024) at 5-6 ("the Supreme Court's grant of certiorari suggests the question whether § 1512(c)(2) covers rioting in the Capitol is now a "close question or one that very well could be decided the other way" (internal citations omitted));  Memorandum Opinion, *United States v. Adams*, Case No. 1:21-CR-00354 (APM) (D.D.C. Jan. 10, 2024) at 3 ("To be sure, as the government argues, the Supreme Court's decision to grant certiorari in *Fischer* does not mean Defendant's conviction will be vacated. However, it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'" (internal citations omitted); *see* Minute Order (12/21/2023), *United States v. Clark*, Case No. 21-cr-538 (DLF) (finding that "the defendant's appeal raises several 'close' questions, including whether 18 U.S.C. 1512(c) reaches conduct that does not involve the destruction of documents, records, objects, or other

evidence."); *see also United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) ("substantial question of law" for purposes of § 3143(b) means a "close question or one that very well could be decided the other way.").

9. Mr. Williams thus renewed his application for bond in the D.C. Circuit. In response, the government no longer disputed, in light of *Fischer*, that "Williams's appeal of his conviction under 18 U.S.C. § 1512(c)(2) poses a substantial question within the meaning of USC § 3143(b)(1)(B)." Appeal No. 22-3067, Doc. #2039999. But the government argued that Mr. Williams first had to seek bond in this Court. The D.C. Circuit agreed, denying the motion without prejudice to Mr. Williams moving for release in this Court. *Id.*, Doc. #2042076.

10. In addition, Mr. Williams has already served the entirety of his misdemeanor sentences. If his appeal succeeds, he will be eligible for immediate release. His release pending appeal is, therefore, even more justified under § 3143(b)(1)(B)(iv) than in *Sheppard*, where the appellant was ordered released upon the future completion of his six months misdemeanor sentence, *see* Memorandum Opinion, *Sheppard*, at 9-10; or in *Adams*, where the appellant was released forthwith, despite still having 7 months to serve on his misdemeanor convictions, *see* Memorandum Opinion, *Adams*, at 3, 6.

11. As previously stated in his original motion to this Court, Mr. Williams was free on pretrial release for over 18 months and was in full compliance with his

bond conditions the entire time. He attended trial as directed, and then ultimately voluntarily self-surrendered to serve his sentence. He lived with and acted as primary caregiver for his mother, who suffers from severe COPD and mobility issues that are a result of a frontal lobe aneurism. (R. 119, PSR, Page 30.) And he would resume that role if released pending further proceedings. Mr. Williams' compliance on bond is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of community if the same conditions were imposed upon release pending resolution of the appeal. *See* 18 U.S.C. § 3143(b)(1)(A).

For the above noted reasons, this Court should grant Mr. Williams bond pending appeal.

Respectfully submitted,

s/ Benton C. Martin
Counsel for Anthony Williams
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: Benton_Martin@fd.org
Phone: 313.967.5832

Date: February 27, 2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CASE NO.: 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

## BRIEF IN SUPPORT OF
## MOTION FOR BOND PENDING APPEAL

To remain free on bond pending appeal, a defendant must establish by clear and convincing evidence that he is not a danger to the community or a risk of flight and that: (1) the appeal is not taken for the purpose of delay; (2) the appeal raised a substantial question or law or fact; and (3) a favorable ruling would result in reversal, a new trial, or no further custody. 18 U.S.C. §3143(b)(1)(A) and (B).

To determine if the appeal raises a substantial issue of law or fact, the D.C. Circuit has instructed courts to look at whether the question was a "close" one. The government no longer disputes "that, given that the Supreme Court has granted a petition for writ of certiorari in *Fischer*, Williams's appeal of his conviction under 18 U.S.C. § 1512(c)(2) poses a substantial question within the meaning of 18 U.S.C. § 3143(b)(1)(B)." Appeal No. 22-3067, Doc. #2039999, p.8,

If Mr. Williams prevails on this issue, then he would be entitled to reversal of the only felony count of conviction against him. That would satisfy that 18 U.S.C. § 3143(b)(1)(B)(i). He also would face a substantially reduced sentence if sentenced only to the misdemeanors. The government suggested in its response in the D.C. Circuit that this Court could increase Mr. Williams's sentence on the misdemeanors if he prevailed on the challenge to § 1512(c)(2). But if he prevails, Mr. Williams would face lower guidelines, and a lower statutory maximum.[1] Moreover, this Court previously noted in its minute order denying release: "A reduced sentence would entail one year of imprisonment, which is longer than the time defendant has already served--one day . . . plus the expected time for appeal, which is less than a year." Mr. Williams has now served over that time in custody.

The government also suggested that Mr. Williams may be a danger to the community or a risk of flight. But Mr. Williams was free on bond for 18 months pending resolution of his case, and he complied with the conditions of release during that entire time. He reported as directed to pretrial services, avoided use of illicit drugs, and continued full-time employment. He traveled from Michigan to attend trial and sentencing, and thereafter self-surrendered as directed. If released on bond

---

[1] In addition to removal of the only felony count, if resentenced, Mr. Williams's guideline range may be lower today because he had zero prior criminal history points, and thus may benefit from a retroactive application of U.S.S.G. § 4C1.1 once that amended guideline becomes effective on February 1, 2024.

pending the rest of his appeal, he will resume his role as caretaker for his mother, who he lived with during his previous time on pretrial release and who remains support of him. There is no indication in the record that he presents a danger to the community or a risk of flight.

## CONCLUSION

In light of the lack of evidence suggesting Mr. Williams's dangerousness or a risk of flight, and the substantial question about § 1512(c)(2), Mr. Williams's release under 18 U.S.C. §3143(b)(1) is proper.

Respectfully submitted,

s/ Benton C. Martin
Counsel for Anthony Williams
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: Benton_Martin@fd.org
Phone: 313.967.5832

Date: February 27, 2024