# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY ROBERT WILLIAMS,<br><br>Defendant. | Criminal Action No. 21-377<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Pending before the Court is defendant Anthony Robert Williams' Renewed Motion for Bond Pending Appeal ("Def.'s Mot."), ECF No. 140, which the government opposes, Gov't's Opp'n Def.'s Renewed Mot. Bond Pending Appeal ("Gov't's Opp'n"), ECF No. 143. For the reasons stated below, defendant's motion is GRANTED.

## I. BACKGROUND

Defendant was convicted, following a four-day jury trial, on June 30, 2022, of a single felony offense for Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One), and four misdemeanor offenses, including Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three), Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Verdict Form at 1–2, ECF No. 116. Defendant was on pretrial release pending trial from the time of his arrest, on March 26, 2021, and then continued on release status after his sentencing hearing, until he self-surrendered to the U.S. Bureau of Prisons, on October 18, 2022. *See* Arrest Warrant Return, ECF No. 6; Def.'s Mot. at 2.

At the sentencing hearing, on September 16, 2022, the Court determined the applicable advisory guidelines sentencing range for defendant, who was in Criminal History Category I and had an adjusted total offense level of 25, to be 57 to 71 months' imprisonment. Sentencing Tr. at 50:20–22, ECF No. 149. Specifically, as to Count One, U.S.S.G. § 2J1.2(a) applied with a base offense level of 14, which was increased by: (a) 8 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(1)(B), "because the offense involved causing or threatening physical injury to a person or property damage in order to obstruct the administration of justice," *id*. at 50:08–11; and (b) 3 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(2), "because the offense resulted in the substantial interference with the administration of justice, specifically the proceedings of Congress," *id*. at 50:13–17, resulting in a total offense level of 25, *id.* at 50:17. This same total offense level applied to Count Two, which was subject to U.S.S.G § 2B2.3(a), due to application of a cross reference, at U.S.S.G. § 2B2.3(c)(1), "because the offense was committed with the intent to commit a felony offense," namely, the felony charged in Count One. *Id.* at 49:16–23. Absent application of the cross reference, the base offense level would have been 4, to which an additional 2 offense levels would have applied, per U.S.S.G. § 2B2.3(b)(1)(A)(vii), "because the trespass occurred at a restricted building or grounds," for a total offense level of 6. *See id.* at 49:13–19. As to Count Three, U.S.S.G. § 2A2.4(a) applied with a base offense level of 10. *Id.* at 49:24–50:03. With Counts One and Two each resulting in a total offense level of 25, the highest for the group consisting of Counts One, Two, and Three, *see* U.S.S.G. § 3D1.2(c), the total adjusted offense level was 25, which, combined with a criminal history category of I, produced an advisory guidelines range of 57 to 71 months' imprisonment. Sentencing Tr. at 50:20–22. This sentencing range exceeded the statutory maximum for the Class A misdemeanors charged in Counts Two and Three, such that the range for those two counts was 12 months' incarceration. *See* U.S.S.G.

§ 5G1.2(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline range.").[1]

Defendant was sentenced to concurrent terms, on Count One, to 60 months' imprisonment; on Counts Two and Three, to the statutory maxima of 12 months' imprisonment; and, on Counts Four and Five, to 6 months' imprisonment, to be followed by concurrent terms of supervised release, on Count One, of 36 months and, on Counts Two and Three, of 12 months. Sentencing Tr. at 93:12–25; *see also* 18 U.S.C. § 1752(b)(2) ("The punishment for a violation of subsection (a) is . . . imprisonment for not more than one year[.]"); 40 U.S.C. § 5109(b) ("A person violating section [5104(e)(2)] . . . shall be . . . imprisoned for not more than six months[.]").

Given defendant's satisfactory compliance while on pretrial release pending both trial and sentencing, defendant was permitted, with the government's consent, to self-surrender to the facility to which he was designated by BOP to serve his term of imprisonment. Sentencing Tr. at 99:01–10 (granting defendant's motion for self-surrender). He timely self-surrendered on October 18, 2022. *See* Def.'s Mot. at 2.

Prior to his self-surrender, defendant filed a notice of appeal of his conviction and sentence, on September 16, 2022, *see* Notice of Appeal at 1, ECF No. 133, and then, on September 30, 2022, moved for bond pending appeal, which this Court denied by minute order, on October 14, 2022, *see* Minute Order (Oct. 14, 2022).[2] After defendant's appeal of judgment had been pending for

---

[1] The sentencing guidelines are inapplicable to Counts Four or Five, which are Class B misdemeanors each carrying a maximum sentence of six months' imprisonment. *See* U.S.S.G. § 1B1.9; 40 U.S.C. § 5109(b).

[2] In pretrial motions, defendant moved, *inter alia*, to dismiss Count One of the Indictment charging him with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), on grounds that only proceedings of the "same type of 'adversarial nature' as court proceedings where there is a potential for witnesses to be influenced or documents destroyed" fall under the scope of an "official proceeding" as contemplated by that statute, and any broader reading of the statute would render it unconstitutionally vague, that Congress's certification of the Electoral College vote on January 6, 2021, did not qualify as an "official proceeding," as the term is used in 18 U.S.C. § 1512(c)(2), and

nearly eight months, on April 25, 2023, the D.C. Circuit ordered that his appeal be held in abeyance pending issuance of the mandate in the appeal to the D.C. Circuit of *United States v. Fischer*, No. 22-3038. *See* Order, No. 22-3067 (D.C. Cir. Apr. 25, 2023). Before issuance of the mandate, however, the Supreme Court granted certiorari in *Fischer* on December 13, 2023. *United States v. Fischer,* 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On February 1, 2024, defendant filed a motion for release pending appeal in the D.C. Circuit, which the D.C. Circuit "denied without prejudice to appellant moving for release in the district court under 18 U.S.C. § 3143(b)." *See* Order, No. 22-3067 (D.C. Cir. Feb. 23, 2024). Defendant subsequently, on February 27, 2024, filed the pending motion, under 18 U.S.C. § 3143(b), for "bond pending appeal" given the Supreme Court's grant of *certiorari* in *Fischer*, *see* No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), arguing that he "has already served the entirety of his misdemeanor sentences," Def.'s Mot. at 4, "he is not likely to flee or pose a danger to the safety of community," *id*. at 5, and that the grant of *certiorari* raises a "substantial question of law," *id.* at 1. With the filing of the government's opposition, *see* Gov't's Opp'n, and defendant's reply on March 20, 2024, Def.'s Reply Regarding Renewed Mot. for Bond Pending Appeal ("Def.'s Reply"), ECF No. 144, this motion is ripe for resolution.

## II. DISCUSSION

Courts are directed to "order the release" of an individual pending appeal upon finding, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1), and, in pertinent part,

---

that under principles of lenity, Section 1512(c)(2) does not apply to defendant's conduct. Def.'s Mot. Dismiss Counts One, Two, and Three at 3–15, ECF No. 39. This motion was denied prior to defendant's trial. Minute Entry (June 10, 2022).

4

"that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. § 3143(b)(1)(B); *see also* Charles Alan Wright et al., 3B FED. PRAC. & PROC. CRIM. § 770 (4th ed.). Defendant bears the burden of showing that both statutory prongs are met. *See United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam) (recognizing "the required showing on the part of the defendant" as to "whether [an] appeal 'raises a substantial question of law or fact likely to result in reversal'" (quoting 18 U.S.C. § 3143(b)(1)(B))); *see also United States v. Zimny*, 857 F.3d 97, 101 (1st Cir. 2017) ("[Defendant] has met his burden to show entitlement to release from custody pending appeal under § 3143(b)(1)[.]"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) ("In enacting § 3143(b), Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on the defendant." (quotation marks, brackets, and citation omitted)). These standards are met in the instant case.

First, this Court finds, by clear and convincing evidence, that defendant "is not likely to flee or pose a danger . . . if released." 18 U.S.C. § 3143(b)(1)(A). Although the government notes that defendant was an active participate in the riot that overwhelmed law enforcement on January 6, 2021, and that his conduct advancing his belief that such actions were justified after that date was troubling, *see* Gov't's Opp'n at 5–7, the government did not seek pretrial detention and raised no objection to defendant remaining on release pending sentencing and allowing defendant to self-surrender following sentencing. *See* Order Setting Conditions of Release, ECF No. 11; Sentencing Tr. at 99:01–04 (granting defendant's motion to self-surrender, to which the government "does not have any objection"). Prior to self-surrendering, defendant lived with and acted as primary caregiver for his mother, who suffers from a chronic disease and mobility issues. Def.'s Mot. at

5

5. Defendant represents that he would "resume that role if released pending further proceedings," *id.*, a fact which provides some assurance, due to his mother's dependence on him, that defendant is unlikely to flee or reoffend pending resolution of his appeal.

Notwithstanding this record, the government contends that defendant may be more likely to flee now that he "knows the day-to-day reality of confinement in prison," Gov't's Opp'n at 7, but this argument ignores that defendant did not flee when he had 60 months to serve. While the government's concern that defendant may pose a danger to others given that "the country has entered a contentious election year," Gov't's Opp'n at 7, is legitimate, the Court is not persuaded that this defendant would pose a danger to others, where defendant complied with the conditions of release pending trial and sentencing, and upon release, will again be placed under supervision. Def.'s Mot. at 7.

Second, defendant's appeal "raises a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). Specifically, defendant challenges his conviction on Count One, arguing that his conduct does not fall within the scope of 18 U.S.C. § 1512(c)(2), *see* Def.'s Mot. at 3, 6, which argument was rejected by this Court when presented in defendant's pretrial motion to dismiss, consistent with subsequent rulings by the D.C. Circuit in *Fischer*, 64 F.4th at 350, and *United States v. Robertson*, 86 F.4th 355, 381 (D.C. Cir. 2023).[3] The Supreme Court granted *certiorari* to resolve whether Section 1512(c)(2) applies to "acts unrelated to investigations and evidence,"

---

[3] Defendant also argues in reply that the D.C. Circuit's March 1, 2024 decision in *United States v. Brock*, No. 23-3045, holding that the specific offense characteristic ("SOC") provided by U.S.S.G. § 2J1.2(b)(2) does not apply to convictions, under 18 U.S.C. § 1512(c)(2), for conduct disrupting the counting and certification of the electoral college votes by the Congress on January 6, 2021, would have a substantial impact on his sentence, since this SOC, as well as another SOC, at U.S.S.G. § 2J1.2(b)(1)(B)—which, due to *Brock*'s reasoning, may likewise be rendered inapplicable to the context here—were both applied in determining defendant's advisory sentencing range. Def.'s Reply at 4. The *Brock* decision's impact on the ultimate sentence imposed in this case is likely minimal, however, given the Court's discretion to vary upwards, as appropriate to account for the seriousness of the offense conduct, and alternative upward departure provisions authoring the same, including for significant disruption of a critical and important governmental function as a result of defendants' offense conduct. *See, e.g.,* U.S.S.G. §§ 5K2.0(a)(2), 5K2.7.

one basis for defendant's appeal of his Section 1512(c)(2) conviction. *See Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023) (granting petition for *certiorari*); Pet. Writ of Certiorari § i, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023) (presenting the question whether "the D.C. Circuit err[ed] in construing 18 U.S.C. § 1512(c) . . . which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence").

"[A] substantial question" means "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555 (quotation marks and citations omitted). This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id*. at 555–56. The question on appeal of whether the conduct for which defendant has been convicted in Count One falls within Section 1512(c)(2)'s ambit satisfies this standard, as other Judges on this Court have likewise concluded when considering the release pending the Supreme Court's resolution of the *Fischer* appeal of a defendant convicted of a single felony Section 1512(c)(2) charge and other misdemeanors, when the defendant had already served close to or more than twelve months in prison. *See, e.g., United States v. Sheppard*, No. 21-cr-203 (JDB), 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024); *United States v. Weyer*, No. 22-cr-40 (JEB), 2024 WL 809962, at *3 (D.D.C. Feb. 27, 2024); *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *see also United States v. Bender*, 21-cr-508 (BAH), 2024 WL 960999, at *6 (D.D.C. Mar. 6, 2024); *United States v. Bledsoe*, 21-cr-204 (BAH), 2024 WL 341159, at *6 (D.D.C. Jan. 30, 2024); *accord* Minute Order, *United States v. Clark*, No. 21-cr-538 (DLF) (D.D.C. Dec. 21, 2023) (granting defendant's motion to stay self-surrender date pending resolution of *Fischer*).

Defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him, given that the D.C. Circuit has twice upheld, over lone dissents, the application of Section 1512(c)(2) to obstructive conduct designed "to stop Congress from certifying the results of the 2020 presidential election," *Fischer*, 64 F.4th at 335; *see also Robertson*, 86 F.4th at 375–76, and the "striking" "near unanimity of [] rulings" by every other Judge on this Court, with one exception, that "adopted the broad reading of the statute . . . to uphold the prosecution of defendants who allegedly participated in the Capitol riot," *Fischer* 64 F.4th at 338 & n.3 (collecting cases); *see also* United States Br. Opp. Pet. Certiorari, *Fischer v. United States*, No. 23-5572, 2023 WL 7164427, at *20 n.3 (Oct. 30, 2023) ("[E]very other district judge in the District of Columbia has now rejected the interpretation adopted by the district judge here." (citations omitted)).[4]  At the same time, *Fischer* produced three separate decisions, including a dissent, and such fractured appellate decision-making does suggest a "close question" that, at a minimum, is not frivolous. *Accord Adams*, 2024 WL 111802, at *2 ("[T]he Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'").

---

[4]     *See also United States v. Gillespie*, No. 1:22-cr-60, 2022 WL 17262218, at *3–6 (D.D.C. Nov. 29, 2022) (Howell, J.); *United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 325–26 (D.D.C. 2022) (McFadden, J.); *United States v. Robertson*, 610 F. Supp. 3d 229, 232–36 (D.D.C. 2022) (Cooper, J.), *aff'd*, 86 F.4th 355 (D.C. Cir. 2023), *and aff'd*, 84 F.4th 1045 (D.C. Cir. 2023); *United States v. Williams*, No. 21-cr-618, 2022 WL 2237301, at *8–17 (D.D.C. June 22, 2022) (Berman Jackson, J.);  *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137–151 (D.D.C. 2022) (Contreras, J.), *appeal docketed*, No. 23-3123 (D.C. Cir. Aug. 1, 2023); *United States v. Bingert*, 605 F. Supp. 3d 111, 118–28 (D.D.C. 2022) (Lamberth, J.); *United States v. McHugh*, No. 21-cr-453, 2022 WL 1302880, at *2–12 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 596 F. Supp. 3d 90, 96–108 (D.D.C. 2022) (Friedman, J.); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69–87 (D.D.C. 2021) (Moss, J.); *United States v. Nordean,* 579 F. Supp. 3d 28, 42–54 (D.D.C. 2021) (Kelly, J.); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–34 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021) (Friedrich, J.); *but see United States v. Mille*r, 589 F. Supp. 3d 60, 66–79 (D.D.C.) (Nichols, J.), *reconsideration denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), *and rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Fischer*, No. 1:21-cr-234 (CJN), 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (Nichols, J.), *rev'd and remanded*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Minute Order, *United States v. Lang*, No. 1:21-cr-53 (CJN) (D.D.C. June 7, 2022) (Nichols, J.).

Third, reversal of defendant's conviction under Section 1512(c)(2) is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). A favorable ruling for defendant in *Fischer* would not result in "reversal" under Section 3143(b)(1)(B)(i), for while such ruling may require vacatur of defendant's Section 1512(c)(2) conviction, defendant remains convicted on four misdemeanor counts. *See Perholtz*, 836 F.2d at 557 (stating the appeal must "raise[] a substantial question likely to result in reversal of *all* counts on which imprisonment is imposed" (emphasis supplied) (citation omitted)). Vacatur of defendant's Section 1512(c)(2) conviction would likely "result in . . . a reduced sentence" in his term of imprisonment. 18 U.S.C. § 3143(b)(1)(B).

Defendant posits that he would be subject to a substantially lower sentencing guideline range were he to succeed on his appeal, with the applicable statutory maximum capping the applicable sentencing range at 12 months, pursuant to U.S.S.G. § 5G1.1. He argues for immediate release because he "has served just over 17 months in prison, which is the equivalent of a sentence of approximately 20 months with good time credits taken into account." Def.'s Reply at 4–5. The government responds that defendant should not be released pending appeal because defendant's convictions on the four misdemeanor counts could be served consecutively such as to form a total sentence of incarceration greater than 12 months, for a statutory maximum of three years. Gov't's Opp'n at 10–11. While possible, imposing consecutive sentences on *all* four misdemeanors, as the government proposes, would be a departure from both default practice under federal law, *see* 18 U.S. Code § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."), and the position adopted by this Court at defendant's sentencing in the instant

9

case, where the government did not seek consecutive terms of imprisonment, *see generally* Gov't's Sentencing Mem., ECF No. 120, resulting in an order to concurrent terms of imprisonment on all Counts, *see* Sentencing Tr. at 93:12–21.  In short, should defendant's conviction under Section 1512(c)(2) be vacated, he would face a "likely reduced sentence."

Defendant has served over 17 months' imprisonment, which may be more than the amount of time to which he likely would be sentenced, absent the Section 1512(c)(2) conviction in Count One.  Accordingly, defendant's Motion for Bond Pending Appeal is GRANTED.

While defendant appears to request his release for the duration of his appeal before the D.C. Circuit, his release now is predicated only on satisfaction of the statutory standard, under 18 U.S.C. § 3143(b), as to Count One and thus may be revoked depending on the Supreme Court's decision in *Fischer*.

### III.   CONCLUSION

For the reasons set forth above, defendant's Motion for Release Pending Appeal, ECF No. 140, is GRANTED.  An order consistent with this Memorandum Opinion will be filed contemporaneously.

Date: March 25, 2024

                                                                                          _____
                                                                                          **BERYL A. HOWELL**
                                                                                          United States District Judge